UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY JAMES LONDO                               CIVIL ACTION

VERSUS                                            NO. 09-7365

WARDEN FRANK ELLIS, ET AL.                        SECTION "B"(5)


# REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.   **Factual Summary**

The plaintiff, Anthony James Londo, is currently housed in the Iberia Parish Jail in New Iberia, Louisiana. The plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983 against defendants, Warden Frank Ellis, Sheriff Louis Ackal,

---

[1]The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Western District of Louisiana for determination and collection under Title 28 U.S.C. § 1915.

Jack Cliffton, Johnny Sam, Troy Brashear, Agatha Gradney, and Mrs. C. Mandella, all alleged to be located in New Iberia, Louisiana.[2] Plaintiff complains of inhumane treatment and unlawful detention at the New Iberia Parish Jail. (Rec. Doc. No. 1, Complaint). He seeks monetary compensation and injunctive relief.

## II.     The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue is determined under Title 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III.    Proper Venue

Plaintiff alleges a cause of action arising from events occurring in the Iberia Parish Jail in New Iberia, Louisiana, which is located in Iberia Parish. The named defendants also may be found there as well. Iberia Parish is located within the boundaries of the Western District of Louisiana. Title 28 U.S.C. § 98(c). Plaintiff does not allege any legal or factual basis to maintain venue in the

---

[2] Plaintiff lists numerous additional defendants on a separate page attached to his complaint form.

Eastern District of Louisiana. Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

V.  **Recommendation**

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_23rd\_\_\_ day of \_\_\_\_\_November\_\_\_\_\_, 2009.

                                              **ALMA L. CHASEZ**
                                      **UNITED STATES MAGISTRATE JUDGE**